**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION**

STEPHANIE LEWIS,
JENNIFER LEWIS,
H.S., a minor by and through
His Mother and Next Friend **STEPHANIE LEWIS,**

     Plaintiffs,

                                                         **Case No:**

**VS.**

                                                         **Judge:**

**BRIAN TACKETT,** both in his individual capacity
and official capacity; **CHRIS CASTLE, b**oth in his
individual capacity and official capacity; **MICHELLE
LIGHT,** both in her individual Capacity and official
capacity; **ZAK CLARK,** both in His individual capacity and official capacity;

     Defendants.

## VERIFIED COMPLAINT

Stephanie Lewis, Jennifer Lewis, and H.S, a minor by and through his Mother and Next Friend Stephanie Lewis, ("Plaintiffs"), by and through counsel, states and complains as follows:

### INTRODUCTION

1.     Plaintiffs bring this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution. More specifically, this Complaint seeks to protect a person's well-established rights to unreasonable seizure; detainment, and due process.

2.     Plaintiff, H.S. ("minor Plaintiff") was seized from his classroom without the knowledge or consent of his parents or without a warrant and interrogated for a period of time.

3.     Plaintiffs Stephanie Lewis and Jennifer Lewis (collectively "Parent Plaintiffs") were subjected to selective enforcement of the law when they were wrongfully detained,

interrogated, charged, arrested, faced malicious prosecution and other consequences that was pursued only because of discrimination.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to: (a) 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States; (b) 28 U.S.C. § 1343 because this action seeks to redress the deprivation of Plaintiffs' rights by the Defendants acting under the color of state law; and (c) 28 U.S.C. § 2201 because this action seeks a declaratory judgment.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because substantially all of the events that give rise to the claims in this action occurred in Greenup County, Kentucky.

## PARTIES

6.      Plaintiff H.S. was an eight-year-old student at Russell Elementary School and is a citizen and resident of the State of Kentucky, Greenup County.  Minor Plaintiff appears herein by and through his Mother and legal Next Friend Stephanie Lewis, who is also a resident of the State of Kentucky and who brings this suit on his behalf.

7.      Plaintiff Stephanie Lewis is the biological mother of H.S.  Stephanie Lewis is a resident of the State of Kentucky, Greenup County and was at all times relevant to this action.

8.      Plaintiff Jennifer Lewis is the step-mother of H.S.  Jennifer Lewis is a resident of the State of Kentucky, Greenup County and was at all times relevant to this action.

9.      Defendant Brian Tackett ("Tackett") was a member of the Flatwoods Police Department.  He is sued both in his personal capacity and in his official capacity as a police officer with the Flatwoods Police Department.  Tackett is a "person" for the purposes of liability under

section 1983. At all relevant times, Tackett acted under color of state law. Defendant Tackett is sued in his official and individual capacity.

10. Defendant Chris Castle ("Castle") was a member of the Flatwoods Police Department. He is sued both in his personal capacity and in his official capacity as a police officer with the Flatwoods Police Department. Castle is a "person" for the purposes of liability under section 1983. At all relevant times, Castle acted under color of state law. Defendant Castle is sued in his official and individual capacity.

11. Defendant Zak Clark ("Clark") was a member of the Flatwoods Police Department and the School Resource Officer for the Russell School District. He is sued both in his personal capacity and in his official capacity as a police officer with the Flatwoods Police Department and a School Resource Officer for the Russell School District. Clark is a "person" for the purposes of liability under section 1983. At all relevant times, Clark acted under color of state law. Defendant Clark is sued in his official and individual capacity.

12. Defendant Michelle Light ("Light") is an employee of the Russell School District. She is sued both in her personal capacity and in her official capacity as the Guidance Counselor of Russell Elementary School. Light is a "person" for the purposes of liability under section 1983. At all relevant times, Light acted under color of state law. Defendant Light is sued in her official and individual capacity.

**FACTUAL ALLEGATIONS**

13. Parent Plaintiffs are two homosexual women, legally married, and raising minor Plaintiff. Minor Plaintiff is the biological son of Plaintiff, Stephanie Lewis.

14.    On September 4, 2019, a sixteen-year-old student was reported absent in the Russell School District.  The mother of the minor child was notified and reported she believed the minor child to be in school.

15. An administrator from the Russell School District contacted Clark to investigate.

16.    Tackett became involved in the investigation and assumed control over the investigation from Clark.

17.    Shortly after the investigation into the absence began, the mother of the absent minor child called to state she located the child and he refused to attend school.

18.    Tackett and Clark proceeded to the area where the minor child was located.

19.    Upon arrival to the neighborhood, Tackett and Clark located the mother of the minor child outside the residence of Parent Plaintiffs and the minor child was not on Parent Plaintiffs' property but was walking up the street toward his mother.

20.    It was at this time that Tackett and Clark discovered the homosexual relationship between Parent Plaintiffs and immediately began an investigation into them; their home; and their relationship.

21.    After the minor child arrived at the residence, Tackett and Clark placed the minor child in their police car and falsely stated on the investigative report that the minor child was "found" at the Parent Plaintiffs' home.

22.    After the police officers placed the minor child in the car, Plaintiff Stephanie Lewis advised Tackett and Clark she wanted to file a report in regards to another minor child who is frequently absent, seen walking around the neighborhood during school hours; seemingly without proper parental supervision; often requesting food and clothing, and other basic necessities from Parent Plaintiffs.

23.     Even though the Plaintiffs were not the Parents, guardians, or were in any way under any legal obligation or duty to said juveniles, or either of them, the Defendant police officers immediately focused their investigation on the Plaintiffs, and made the Plaintiffs the target of their investigation solely because of their sexual orientation.

24.     Subsequently on September 4th, 2019, the mother requested Parent Plaintiffs pick the child up, which Stephanie Lewis had filed a report on, which they did, at the request of the child's mother, from the local shopping mall and brought the child to the mother, due to a possible truancy investigation.

25.     Although the Plaintiff Parents, picked the child up at the request of the mother, to assist both the child and the mother, Tackett and Clark proceed to report in the investigative report that the minor child was "found" in Parent Plaintiffs' custody, implying a different role by the Plaintiffs, and totally ignoring the "good Samaritan" role of the Plaintiffs..

26.     Tackett then began an intensified investigation into all aspects of Parent Plaintiffs' lives.

27.     On September 5, 2019, Tackett and Castle arrived at the elementary school of Parent Plaintiffs' minor child; seized the Parent Plaintiffs; mirandized Parent Plaintiffs and began to interrogate them, separately; on school grounds, in view of all staff, students, and others.

28.     Tackett nor Castle had a warrant to detain Parent Plaintiffs' for the custodial interrogation.

29.     On September 5, 2019, Tackett without any notice to the Plaintiffs, without any consent from the Parent Plaintiffs, without any warrant and with the assistance of Light seized the minor Plaintiff from his classroom and held him for an interrogation.

30.     Light or Clark, as employees or agents of the school did not provide notice to the Plaintiffs, retrieve consent from the Parent Plaintiffs, and did not verify the presence of a warrant when seizing the minor Plaintiff from his classroom and permitting him to be held and interrogated by Tackett.

31.     The interrogation conducted by Tackett consisted of questions regarding his "two mothers" or "two mommies;" if "both mothers" care for him; and additional questions relating to the relationship of the Parent Plaintiffs.

32.     The interrogation did not relate in any way to the to the investigation of truancy or absences, but instead carried a tone regarding Defendants' discrimination for Parent Plaintiffs' homosexual lifestyle.

33.     The interrogation by Tackett, and Light was done without judicial authorization.

34.     Tackett, Clark, and Light were not in possession of evidence to reasonably believe the minor Plaintiff was in imminent danger of serious bodily injury and that the scope of his intrusion without notice, consent, or warrant was reasonably necessary to avert any specific injury.

35.     Tackett's only information regarding the minor Plaintiff was he was being raised by two women who are legally married.

36.     On September 6, 2019, Tackett requested an arrest warrant based on what he represented to issuing officials as minor children being found in Parent Plaintiffs' residence, care, custody, and control.

37.     Upon information and belief, Tackett did not advise officials issuing the warrant that the minor children were found either in Parent Plaintiffs' neighborhood or were with Parent Plaintiffs at the minor child's parent's request.

38.    Upon information and belief, Tackett did not advise officials issuing the warrant that at least one Parent Plaintiff, if not both, expressed concern and attempted to file a report regarding the care of the truant minor children.

39.    Tackett did not investigate or pursue charges against the truant minor children's parents who were in charge of the care, custody, and control of those minor children.

40.    Upon information and belief, Tackett did not advise officials issuing the warrant that at least one minor child had her mother's permission to not be in school and the mother was aware of the minor child's whereabouts.

41.    Tackett intentionally omitted these details from the officials issuing the charges in an attempt to assure the issuance of a warrant because of Tackett's bias and desire to discriminate against the Parent Plaintiffs.

42.    On September 6, 2019, Parent Plaintiffs were wrongfully arrested, wrongfully, and maliciously charged with misdemeanor 3rd degree charges.

43.    The misdemeanor charges are still pending; however, it is evident the charges were pursued by Tackett, with the assistance of the other Defendants, maliciously as the minor children who were absent and/or truant had multiple occurrences prior to the September 5, 2019 absence that would justify truancy proceedings.

44.    To this day, the parents of the truant minor children have not been charged or cited for their children's truancy – only the two homosexual women who were not responsible for the care, custody, or control of those children have been charged, as aforesaid.

**COUNT I**
**Violation of 42 U.S.C. § 1983 – Unreasonable Search and Seizure**
**(Against Tackett, Clark, and Light)**

45.    The allegations contained in Paragraphs 1 through XX, inclusive, are hereby incorporated by reference.

46.    By unlawfully seizing minor Plaintiff, holding him, and interrogating him, violated minor Plaintiff's right to be secure in his person and property against unreasonable search and seizures.

47.    The seizure of the minor Plaintiff and interrogation was conducted on the basis of discrimination because of two women being legally married and raising children.

48.    With no warrant, or a judicially created exception, minor Plaintiff should not have been taken from his classroom, held, and interrogated, and the Defendants had no right or privilege to do so.

49.    As a proximate and foreseeable result of Defendants' violations of minor Plaintiff's Fourth Amendment rights, minor Plaintiff has suffered, is suffering and will continue to suffer injuries, including but not limited to invasion of privacy, humiliation, emotional distress, anxiety, stigma, and embarrassment.

50.    As relief, Plaintiffs seek a declaratory judgment that these actions violated their rights. They seek compensatory damages and punitive damages against the Defendants reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and other applicable law, and any other relief, including, but not limited to, an award of costs, as this Court deems appropriate.

51.    Defendants acted intentionally, recklessly and/or with deliberate indifference to the consequences of their actions as set forth above, Plaintiffs seek an award of punitive damages against Count I Defendants.

**COUNT II**
**Violation of 42 U.S.C. § 1983 – Unreasonable Search and Seizure**
**(Against Tackett and Castle)**

52.    The allegations contained in Paragraphs 1 through XX, inclusive, are hereby incorporated by reference.

53.    By unlawfully seizing Parent Plaintiffs while on school grounds, holding them, and interrogating them, violated Parent Plaintiffs' rights to be secure in person and property against unreasonable search and seizures.

54.    When Parent Plaintiffs were separated and mirandized, Parent Plaintiffs did not feel free to leave the custody of the Defendants.

55.    The seizure of the Parent Plaintiffs and interrogation was conducted on the basis of discrimination because of two women being married to one another.

56.    With no warrant, or a judicially created exception, Parent Plaintiffs should not have been seized and interrogated on school grounds and in front of community members.

57.    Defendants did so on school grounds, in a public way, so to embarrass and intimidate Parent Plaintiffs.

58.    As a proximate and foreseeable result of Defendants' violations of Parent Plaintiffs' Fourth Amendment rights, Parent Plaintiffs have suffered, is suffering and will continue to suffer injuries, including but not limited to invasion of privacy, humiliation, emotional distress, anxiety, stigma, and embarrassment.

59.    As relief, Plaintiffs seek a declaratory judgment that these actions violated their rights. They seek compensatory damages and punitive damages against the Defendants reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and other applicable law, and any other relief, including, but not limited to, an award of costs, as this Court deems appropriate.

60.   Defendants acted intentionally, recklessly and/or with deliberate indifference to the consequences of their actions as set forth above, Plaintiffs seek an award of punitive damages against Count II Defendants.

## COUNT III
### Violation of 42 U.S.C. § 1983 – False Imprisonment
### (Against Tackett and Castle)

61.   The allegations contained in Paragraphs 1 through XX, inclusive, are hereby incorporated by reference.

62.   The custodial interrogation of the Parent Plaintiffs on school grounds was done on the basis of discrimination because of two women being legally married and raising children.

63.   With no warrant, or a judicially created exception, Parent Plaintiffs should not have been mirandized, separated, and held on school grounds.

64.   Defendants knew, or should have known, that they had no lawful authority to detain Plaintiffs with no warrant or a judicially created exception.

65.   Defendants did so to intimidate and embarrass Parent Plaintiffs.

66.   As a proximate and foreseeable result of Defendants' violations of Parent Plaintiffs' Fourth Amendment rights, Parent Plaintiffs have suffered, is suffering and will continue to suffer injuries, including but not limited to invasion of privacy, humiliation, emotional distress, anxiety, stigma, and embarrassment.

67.   As relief, Plaintiffs seek a declaratory judgment that these actions violated their rights. They seek compensatory damages and punitive damages against the Defendants reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and other applicable law and any other relief, including, but not limited to, an award of costs, as this Court deems appropriate.

68.    Defendants acted intentionally, recklessly and/or with deliberate indifference to the consequences of their actions as set forth above, Plaintiffs seek an award of punitive damages against Count III Defendants.

**COUNT IV**
**Violation of 42 U.S.C. § 1983 – Discriminatory Procurement of arrest warrant as selective enforcement violation of Due Process and Equal Protection**
**(Against Tackett)**

69.    The allegations contained in Paragraphs 1 through XX, inclusive, are hereby incorporated by reference.

70.    The arrest of Parent Plaintiffs was secured by Tackett though false, misleading, or incomplete investigation, facts, and information provided to officials issuing the arrest warrant. Further the filing of charges against the Parent Plaintiffs was conducted in a manner falsely designed to portray the Parent Plaintiffs in any improper light, and in such a way as to falsely portray the Parent Plaintiffs as offenders, rather than mere witnesses, and in such a way as to assure the issuance of an arrest warrant, rather than the issuance of a criminal summons, or the most often procedure of a juvenile summons for the juveniles themselves, all of which the Defendants carried out in a false light and untrue manner to further discriminate against the Parent Plaintiffs, because of their sexual orientation, thereby depriving the Parent Plaintiffs of equal protection and due process of law.

71.    As a proximate and foreseeable result of Defendants' violations of Parent Plaintiffs' Fourth Amendment rights, Parent Plaintiffs have suffered, is suffering and will continue to suffer injuries, including but not limited to invasion of privacy, humiliation, emotional distress, anxiety, stigma, and embarrassment.

72.    As relief, Plaintiffs seek a declaratory judgment that these actions violated their rights. They seek compensatory damages and punitive damages against the Defendants reasonable

attorneys' fees pursuant to 42 U.S.C. § 1988, and other applicable law and any other relief, including, but not limited to, an award of costs, as this Court deems appropriate.

73.    Defendants acted intentionally, recklessly and/or with deliberate indifference to the consequences of their actions as set forth above, Plaintiffs seek an award of punitive damages against Count IV Defendants.

**COUNT V**
**Violation of 42 U.S.C. § 1983 – Violation of the Substantive Due Process Rights to Familial Association**
**(Against All Defendants)**

74.    The allegations contained in Paragraphs 1 through XX, inclusive, are hereby incorporated by reference.

75.    Interrogating the minor Plaintiff without notification to Parent Plaintiffs, Defendants Light, Clark, and Tackett deprived Plaintiffs of their liberty interest in parental advice and parental decision-making regarding whether to allow Defendants to interrogate the minor Plaintiff on school grounds and without them being afforded due process in regards to seizing the minor child without proper authority and in violation of their Fourteenth Amendment rights.

76.    Defendants, acting individually and in concert with one another, violated Parent Plaintiffs' substantive due process rights to familial association, familial autonomy, familial integrity, and family privacy by arbitrarily seizing minor Plaintiff from his classroom and interrogating him and further separating Plaintiffs' from each other without possessing the requisite definite and articulable evidence giving rise to a reasonable suspicion that any children in Parent Plaintiffs' care had been or would be abused or neglected and without exigent circumstances justifying such action absent a court order.

77.    Moreover, by restricting Parent Plaintiffs' parental rights, and by falsely representing the facts and legal basis upon which minor Plaintiff was seized and interrogated,

Defendants, acting individually and in concert with one another, further violated Parent Plaintiffs' substantive due process rights to familial association, familial autonomy, familial integrity, and family privacy without the constitutionally requisite evidence required to impose such restrictions or take such action.

78.     As a proximate and foreseeable result of Defendants' violations of Plaintiffs Fourteenth Amendment rights, Plaintiffs have suffered, is suffering and will continue to suffer injuries, including but not limited to invasion of privacy, humiliation, emotional distress, anxiety, stigma, and embarrassment.

79.     As relief, Plaintiffs seek a declaratory judgment that these actions violated their rights. They seek compensatory damages and punitive damages against the Defendants reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and other applicable law and any other relief, including, but not limited to, an award of costs, as this Court deems appropriate.

80.     Defendants acted intentionally, recklessly and/or with deliberate indifference to the consequences of their actions as set forth above, Plaintiffs seek an award of punitive damages against Count V Defendants.

## COUNT VI
### Violation of 42 U.S.C. § 1983 – Violation of the Procedural Due Process Rights
### Related to Deprivation of Family Associational Rights
### (Against All Defendants)

81.     The allegations contained in Paragraphs 1 through XX, inclusive, are hereby incorporated by reference.

82.     Defendants, acting individually and in concert with each other, violated Parent Plaintiffs' procedural due process rights by seizing and interrogating minor Plaintiff even though there were no grounds to believe that minor Plaintiff was in imminent danger of abuse or neglect

and even though there was ample time to secure a court order prior to taking such action, had a court determined that such action was warranted.

83.    Moreover, Defendants, by restricting Parental Plaintiffs' rights to familial association, familial autonomy, familial integrity, and family privacy, further violated Parental Plaintiffs' procedural due process rights by failing to afford any procedure by which the seizure and interrogation of minor Plaintiff could be challenged.

84.    As a proximate and foreseeable result of Defendants' violations of Plaintiffs Fourteenth Amendment rights, Plaintiffs have suffered, is suffering and will continue to suffer injuries, including but not limited to invasion of privacy, humiliation, emotional distress, anxiety, stigma, and embarrassment.

85.    As relief, Plaintiffs seek a declaratory judgment that these actions violated their rights. They seek compensatory damages against the Defendants reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and other applicable law, and any other relief, including, but not limited to, an award of costs, as this Court deems appropriate.

86.    Defendants acted intentionally, recklessly and/or with deliberate indifference to the consequences of their actions as set forth above, Plaintiffs seek an award of punitive damages against Count VI Defendants.

## COUNT VII
### Violation of 42 U.S.C. § 1983 – Violation of Procedural Due Process Rights Related to Deprivation of Liberty Interest in Parental Exercises
### (Against All Defendants)

87.    The allegations contained in Paragraphs 1 through XX, inclusive, are hereby incorporated by reference.

88.    Defendants, acting individually and in concern with one another, violated Parent Plaintiffs procedural due process right to exercise parenting duties and as a homosexual couple,

pursue the opportunity to become parents by seizing and interrogating minor Plaintiff without considering all exculpatory evidence and by relying upon an allegation that was in no way related to the care, custody, or control of minor Plaintiff.

89.    The actions violated Parent Plaintiffs' due process rights to exercise parental control over minor Plaintiff.

90.    As a proximate and foreseeable result of Defendants' violations of Plaintiffs Fourteenth Amendment rights, Plaintiffs have suffered, is suffering and will continue to suffer injuries, including but not limited to invasion of privacy, humiliation, emotional distress, anxiety, stigma, and embarrassment.

91.    As relief, Plaintiffs seek a declaratory judgment that these actions violated their rights. They seek compensatory damages and punitive damages against the Defendants reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and other applicable law, and any other relief, including, but not limited to, an award of costs, as this Court deems appropriate.

92.    Defendants acted intentionally, recklessly and/or with deliberate indifference to the consequences of their actions as set forth above, Plaintiffs seek an award of punitive damages against Count VII Defendants.

**COUNT VIII**
**Violation of 42 U.S.C. § 1983 – Violation of Rights Secured by the Equal Protection Clause**
**(Against All Defendants)**

93.    The allegations contained in Paragraphs 1 through XX, inclusive, are hereby incorporated by reference.

94.    Since the investigations and subsequent actions were conducted solely on the basis of two women being legally married, the Plaintiffs were discriminated against and not afforded equal protection.

95.    Under the Fourteenth Amendment, discrimination based on sexual orientation are presumptively unconstitutional and subject to heightened scrutiny.

96.    Defendants were motivated by an intent to treat two women who are legally married and raising children differently.

97.    As a proximate and foreseeable result of Defendants' violations of Plaintiffs Fourteenth Amendment rights, Plaintiffs have suffered, is suffering and will continue to suffer injuries, including but not limited to invasion of privacy, humiliation, emotional distress, anxiety, stigma, and embarrassment.

98.    As relief, Plaintiffs seek a declaratory judgment that these actions violated their rights. They seek compensatory damages and punitive damages against the reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and other applicable law, and any other relief, including, but not limited to, an award of costs, as this Court deems appropriate.

99.    Defendants acted intentionally, recklessly and/or with deliberate indifference to the consequences of their actions as set forth above, Plaintiffs seek an award of punitive damages against Count VIII Defendants.

100.    The Plaintiffs' damages, as a proximate result of the acts of the Defendants, Tackett, Castle and Clark as herein described, are claimed in the amount of One Million Dollars ($1,000,000.00) for compensatory damages. The Defendants herein were acting in concert, and are jointly, and severally, liable to the Plaintiff for his compensatory damages aforesaid and for punitive damages, totaling an additional One Million Dollars ($1,000,000.00) for punitive damages.

101.    The Plaintiffs' damages, as a proximate result of the acts of the Defendants, Light as herein described, are claimed in the amount of Two Hundred Thousand Dollars ($200,000.00)

for compensatory damages. The Defendants herein were acting in concert, and are jointly, and severally, liable to the Plaintiff for his compensatory damages aforesaid and for punitive damages, totaling an additional Two Hundred Thousand Dollars ($200,000.00) for punitive damages.

WHEREFORE, Plaintiffs respectfully requests that this Court enter a judgment in favor on all counts and award the following relief against the Defendants:

(a)     Jury Trial is demanded.

(b)     Declaratory judgment that Defendants violated Plaintiffs' constitutional and statutory rights;

(c)     Compensatory damages, exclusive of costs and interest, against Defendants Tackett, Castle and Clark, jointly and severally in an amount of $1,000,000 and against Light in an amount of $200,000.00;

(d)     Punitive damages against Defendants, exclusive of costs and interest, against Defendants Tackett, Castle and Clark, jointly and severally in an amount of $1,000,000 and against Light in an amount of $200,000.00;

(e)     An award of interest, costs, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and

(f)     Such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Trial by jury is demanded.  Notice is hereby given pursuant to FRCP 38 and all other applicable law, that the Plaintiff includes in this pleading a demand for Trial by Jury on all issues so Triable.

/s/Natasha Kinnan\
NATASHA KINNAN\
1212 Bath Avenue, Ste. 306\
Ashland, KY 41101

/s/ Robert W. Miller\
ROBERT W. MILLER\
P.O. Box 357\
Grayson, Ky 41143

Comes the Plaintiff, **STEPHANIE LEWIS,** and states that she has read the foregoing document and that the statements therein are true and correct to the best of her knowledge and belief.

_Stephanie Lewis_
STEPHANIE LEWIS

STATE OF KENTUCKY
COUNTY OF Boyd

I, the undersigned Notary Public in and for the County and State aforesaid, hereby certify that the foregoing was produced before me by STEPHANIE LEWIS in my County and State as aforesaid, and was by her before me signed, sworn, and duly acknowledged to be her free act and deed.

This the 4 day of September , 2020.

My Commissioner expires: 3/16/2024

_Tracy R. Kelley_
Notary Public, State-at-Large

> Tracy Kelley
> NOTARY PUBLIC
> STATE AT LARGE
> KENTUCKY
> ID. # KYNP5082
> MY COMMISSION EXPIRES 3-16-2024

Comes the Plaintiff, **JENNIFER LEWIS,** and states that she has read the foregoing document and that the statements therein are true and correct to the best of her knowledge and belief.

_Jennifer Lewis_
JENNIFER LEWIS

STATE OF KENTUCKY
COUNTY OF Boyd

I, the undersigned Notary Public in and for the County and State aforesaid, hereby certify that the foregoing was produced before me by JENNIFER LEWIS in my County and State as aforesaid, and was by her before me signed, sworn, and duly acknowledged to be her free act and deed.

This the 4 day of September , 2020.

My Commissioner expires: 3/16/2024

_Tracy R. Kelley_
Notary Public, State-at-Large

> Tracy Kelley
> NOTARY PUBLIC
> STATE AT LARGE
> KENTUCKY
> ID. # KYNP5082
> MY COMMISSION EXPIRES 3-16-2024